# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AL-QUON HOPKINS,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**ADM. MARCUS HICKS,** *et al.*,<br><br>　　　　Defendants. | Case No. 24–cv–06646–ESK–SAK<br><br><br>OPINION |

**KIEL, U.S.D.J.**

　　**THIS MATTER** comes before the Court on *pro se* plaintiff Al-Quon Hopkins's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Complaint). (ECF No. 1.) Because plaintiff has been granted *in forma pauperis* status, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the following reasons, I will dismiss the Complaint with prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.　FACTS AND PROCEDURAL HISTORY

　　Plaintiff alleges that he was subjected to unconstitutional conditions of confinement within South Woods State Prison (South Woods) in September 2021. (ECF No. 1–2 p. 1.) He states that South Woods Administrator Marcus Hicks and Nurse Marsha ignored CDC protocols for social distancing and mask wearing. (*Id.*) He claims that he became sick, beginning with chills and pain in his head. (*Id.*) Eventually, breathing became difficult. (*Id.*) Plaintiff alleges that he was denied medical care because "nobody wanted to get close to us." (*Id.*)

Plaintiff asks the court award him $75,000 and to "fix" the medical department.  (ECF No. 1 p. 6.)

## II.  LEGAL STANDARD

The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit.  28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim."  *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).  Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).at 251).

## III.  DISCUSSION

Plaintiff has not stated an Eighth Amendment violation.  The Eighth Amendment imposes on prison officials the duty to provide humane conditions

2

of confinement, including provision of adequate medical care and the obligation to take reasonable measures to protect inmate safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty extends to protection against future harm from unsafe conditions, including "serious contagious diseases[.]" *Helling v. McKinney*, 509 U.S. 25, 34 (1993). Thus, "[a] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer*, 511 U.S. at 828 (cleaned up).

To the extent plaintiff "makes general claims that his constitutional rights were violated merely by having been exposed to [COVID-19], or by an increased risk of exposure to the virus, the allegations are insufficient. Exposure alone does not establish a constitutional violation[.]" *Graham v. Aviles*, No. 22–cv–5760, 2022 WL 16949131, at *4 (D.N.J. Nov. 14, 2022) (citing *Hope v. Warden York County Prison*, 972 F.3d 310, 329 (3d Cir. 2020)). Moreover, a jail is not required to completely eliminate the risk of exposure to comply with constitutional mandates. *Hope*, 972 F.3d at 329. Plaintiff alleges that he contracted COVID-19, as opposed to only being exposed, but courts "must acknowledge that practical considerations of detention justify limitations on many privileges and rights," and "ordinarily defer" to the expertise of prison officials in responding to COVID-19 unless there is "substantial evidence in the record that the officials have exaggerated their response" to the situation when evaluating a detention facility's protocols. *Id.* at 326; *see also Jones v. Ellis*, No. 21–cv–13625, 2021 WL 5015921, at *3 (D.N.J. Oct. 28, 2021) ("[A] detainee asserting deliberate indifference based on exposure to COVID-19 must still establish that the Defendant had the requisite mental state, which is akin to recklessness.").

Plaintiff asserts that defendants failed to follow CDC guidance on masking and social distancing. (ECF No. 1 p. 4). "[I]mperfections in masking, testing, and quarantining procedures—particularly in the challenging environment of

3

a detention center—do not, without more, amount to unconstitutional conditions of confinement or punishment." *Lawson v. Hudson Cnty. Bd. of Freeholders*, No. 22–cv–04340, 2023 WL 6971540, at *11 (D.N.J. Oct. 23, 2023). Moreover, "distancing strategies 'will need to be tailored to the individual space in the facility and the needs of the population and staff and ... '[n]ot all strategies will be feasible in all facilities.'" *Hope*, 972 F.3d at 330 (alteration in original) (quoting CDC, *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities,* available at https://perma.cc/XJ98-Q54X (last visited Feb. 26, 2025). I cannot reasonably infer that defendants violated the Eighth Amendment without more information about what policies, if any, were in effect in September 2021. Therefore, I will dismiss the Complaint for failure to state a claim.

Generally, "[a] plaintiff[ ] who file[s a] complaint[ ] subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). I conclude that it would be futile to permit plaintiff to amend the Complaint because the Complaint is barred by the statute of limitations.

"Although the statute of limitations is an affirmative defense, a court may dismiss claims *sua sponte* if a time-bar is obvious from the face of the complaint and no further development of the record is necessary." *Demby v. Cnty. of Camden*, No. 21-1433, 2021 WL 4957002, at *1 (3d Cir. Oct. 26, 2021) (citing Fed. R. Civ. P. 8(c)), *cert. denied*, 142 S. Ct. 1163 (2022). Section 1983 complaints are governed by New Jersey's limitations period for personal injuries and must be brought within two years of the claim's accrual. *See Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y*

*Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

Plaintiff alleges that he was subjected to unconstitutional conditions of confinement and became ill in September 2021. (ECF No. 1–2 p. 1.) Plaintiff would have known about the conditions at South Woods and his illness in September 2021, so "[h]is claims accrued as he endured the circumstances while confined." *McCargo v. Camden Cty. Jail*, 693 F. App'x 164, 166 (3d Cir. 2017) (per curiam). Therefore, the statute of limitations for Plaintiff's conditions of confinement and denial of medical care claims expired in September 2023. (ECF No. 1–2 p. 1.) This Complaint was filed over a year late.

I may equitably toll the statute of limitations in certain circumstances, but "[a] party must plausibly plead allegations to support equitable tolling and 'a district court may dismiss an untimely cause of action if it is plain on the face of the complaint that the limitations period cannot be tolled.'" *Margolis v. Warner Chilcott (US) LLC*, No. 17–cv–04550, 2018 WL 2455925, at *6 (D.N.J. May 31, 2018) (quoting *Menichino v. Citibank, N.A.*, No. 12–cv–00058, 2013 WL 3802451, at *6 (W.D. Pa. July 19, 2013)). There are no facts in the Complaint from which I could reasonably conclude that equitable tolling would be appropriate in this matter. Therefore, I will deny leave to amend as plaintiff cannot remedy the expiration of the statute of limitations. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (affirming dismissal with prejudice due to expiration of statute of limitations); *McCargo*, 693 F. App'x at 166 ("We therefore agree with the [d]istrict [c]ourt's assessment that amendment of the complaint would be futile because the statute of limitations clearly had expired when [plaintiff] filed this complaint.").

## IV. CONCLUSION

For the reasons stated above, I will dismiss the Complaint with prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). Leave to amend is denied. An appropriate Order accompanies this Opinion.

                                                  */s/ Edward S. Kiel*
                                                  **EDWARD S. KIEL**
                                                  UNITED STATES DISTRICT JUDGE

Dated: February 28, 2025